IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2010 MAR 16 PM 4: 25
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY

| | |
|---|---|
| AUTO P.I. USED CAR INSPECTIONS, L.L.C.<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL DICKINSON and AUTO LEMON DETECTORS of AMERICA, L.L.C.<br>Defendants. | Civil Action No. 1:09-cv-533-JRN |

## ORDER

Before the Court in the above-entitled and styled cause of action is Defendants Michael Dickinson's and Auto Lemon Detectors of America, LLC's (hereinafter "Defendants") Motion for Summary Judgment (Clerk's Dkt. No. 5); Plaintiff Auto P.I. Used Car Inspections, LLC's (hereinafter "Plaintiff") Response to Defendants' Motion for Summary Judgment (Clerk's Dkt. No. 9); and Defendants' Reply in Support of Defendants' Motion for Summary Judgment (Clerk's Dkt. No. 10). After extensive review of the record, the Court finds that Defendants' Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part.

### I. Factual and Procedural Background

In the case at hand, ( hereinafter "*Lemon Busters 2*"), Plaintiff alleges two causes of action: (1) False Advertising under 15 U.S.C. § 1125(a) of the Lanham Act; and (2) Copyright Infringement and Conversion. *See* Pl.'s Original Pet. ¶¶ 15–19. This case was previously litigated in this court in *Auto P.I. Used Car Inspections, LLC v. Dickinson*, No. 08-cv-136-JRN (hereinafter "*Lemon*

1

*Busters 1*"). In the previous lawsuit, the plaintiffs were Auto P.I. Used Car Inspections, LLC and John Adams, and the defendants were Michael Dickinson and Auto Lemon Detectors of America, LLC. *Lemon Busters 1* was eventually resolved by a jury verdict. The history of the parties is set out fully in the Court's Summary Judgment Order. *See* Court's Summ. J. Order (No. 08-cv-136 at Clerk's Dkt. # 124).

*Lemon Busters 1* was first filed in the State District Court of Travis County, Texas, on December 13, 2007. *See* Pl.'s Original Pet. and Req. for Inj. Relief (No. 08-cv-136 at Clerk's Dkt. # 1). In its Original Petition, Auto P.I. Used Car Inspections alleged four causes of action: (1) Trademark Infringement under the Lanham Act; (2) Trademark Dilution under the Lanham Act; (3) Common Law Trademark Infringement; and (4) Injury to Business or Trademark. *See id.* at ¶¶ 11–20. Shortly thereafter, the case was timely removed to federal court. Throughout the lawsuit, the plaintiffs and the defendants proceeded to file several more claims and counterclaims. The jury in *Lemon Busters 1* rendered a verdict on May 5, 2009, and on June 11, 2009, this Court entered a final judgment on the verdict. (No. 08-cv-136 at Clerk's Dkt. # 156–57). This Court issued its last Order—granting an Agreed Permanent Injunction—on September 18, 2009. Order Grant'g Mot. Perm. Inj. (No. 08-cv-136 at Clerk's Dkt. # 203).

Like *Lemon Busters 1*, the case at hand, *Lemon Busters 2*, was also filed in State District Court of Travis County, Texas. *See* Pl.'s Original Pet. *Lemon Busters 2* was filed on July 3, 2009, shortly after the jury rendered verdict in *Lemon Busters 1*. *See id.* *Lemon Busters 2* was removed to this Court, where *Lemon Busters 1* was litigated. Once in federal court, Defendant filed a Motion for Summary Judgment based upon *res judicata*, and Plaintiff filed a Response to Defendant's Motion for Summary Judgment. This Court is now ruling on Defendants' Motion for Summary

Judgment.

## II. Standard of Review

<u>A. Summary Judgment</u>

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254, 106 S. Ct. 2505, 2513 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348, 1355-56 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 110, 122 (1993). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine

issue for trial. *Mississippi River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Id.*

B. *Res Judicata*

"Under [the doctrine of] *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)). "[R]es judicata . . . relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Id.* at 94 (citing *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). "[The] [p]reclusion of a claim under *res judicata* principles requires four elements: (1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 331 (5th Cir. 2007) (citing *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559 (5th Cir. 2004)).

The parties in the present case dispute only element four–whether the same claim or cause of action is involved in both cases. *See* Def.'s Mot. for Summ. J. at 4–6; Pl. Resp. To Def.'s Mot. for Summ. J. At 2–5; Def.'s Reply in Supp. of Def.'s Mot. for Summ. J. at 2. To resolve disputes over element four, the Fifth Circuit applies the Restatement (Second) of Judgment's "transactional test." *See Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401–02 (2009) (citations omitted).

The "transactional test" requires the court to determine whether both causes of action are based on the same "transaction, or series of connected transactions, out of which the original

transaction arose." *See id.*; *see also, In re Ark-La-Tex Timber Co.*, 482 F.3d at 330 (noting that the Fifth Circuit has adopted the Restatement (Second) of Judgments § 24). If the second cause of action is based on the same transaction or series of connected transactions as the first cause of action, then the second cause of action is barred by *res judicata*. "What factual grouping constitutes a 'transaction', and what groupings constitute a 'series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004) (quoting Restatement (Second) of Judgments § 24(2)).

### III. Discussion

In the case at hand, *Lemon Busters 2*, all four elements required to bar a case under *res judicata* have been met. The court discusses only element four because that is the sole element the parties dispute. Independent review reveals that the other elements have also been satisfied.

Plaintiff's own argument as to why it could not bring the claims from *Lemon Busters 2* in its previous lawsuit, *Lemon Busters 1*, cuts against it. *See* Pl.'s Resp. to Def's. Summ. J. Mot. at 2. In the case at hand, *Lemon Busters 2*, Plaintiff's Response to Defendants' Summary Judgment Motion states:

> Some of the advertising complained of in this lawsuit were [sic] on Defendants' 2002 website as claimed by Defendants. But Defendants failed to disclose to the Court that Defendants removed those advertisements during the course of the 2008 Lawsuit, thereby keeping them from becoming a fact or legal issue in the 2008 Lawsuit, only to re-post the false advertisements *after* the Final Judgment was entered in the 2008 Lawsuit.

*See* Pl.'s Resp. to Def's. Summ. J. Mot. at 2 (emphasis in original). Surprisingly, in the next sentence, Plaintiff states, "[m]oreover, with the filing of this lawsuit acting as their catalyst,

5

Defendants have again removed some of the offending advertisements from their website, an admission of wrongdoing." *See id.* Additionally, John Adam's affidavit, attached to Plaintiff's Response to Defendants' Summary Judgment Motion, states:

> Attached to this affidavit as Exhibit A-3 is a true and correct copy of a website page from Defendant's website that was printed on July 20, 2009, after this lawsuit[, *Lemon Busters 2*,] was filed. Exhibit A-4 shows that Mr. Dickinson, upon being sued, amended his website again to remove the following false representations . . .[.]

*See* Pl.'s Resp. to Def.'s Summ. J. at Aff. ¶ 9. By Plaintiff's own logic, it should be incapable of bringing several claims in the current cause of action.

Spelled out, Plaintiff's reasoning proceeds as follows. Plaintiff argues that it was unable to pursue this cause of action in *Lemon Busters 1* because Defendants removed the objectionable material "during the course of the 2008 lawsuit." Pl.'s Resp. to Def.'s Summ. J. Mot. at 2. In the case at hand, Plaintiff also states that Defendants removed the objectionable material after the commencement of *Lemon Busters 2*. *See id.* at 2, Aff. ¶ 9. If Plaintiff could not bring the current cause of action in *Lemon Busters 1* because Defendants removed the objectionable webpostings after suit was filed, then Plaintiff should not be able to bring several claims in *Lemon Busters 2* because Defendants have again removed the objectionable webpostings. Plaintiff's logic leads to a faulty conclusion because Plaintiff could have brought the claims alleged in *Lemon Busters 2* in its first lawsuit, *Lemon Busters 1*, but Plaintiff failed to do so.

Defendants include in their Motion for Summary Judgment, Exhibit A, which constituted Plaintiff's Trial Exhibits 1, 2, 3, 4, and 31 in *Lemon Busters 1*. *See* Def.'s Mot. for Summ. J. at Ex. A.[1] These trial exhibits are printouts of Defendants' webpages and advertisements that were

---

[1] Plaintiff objects to Exhibit A because it is not sworn or certified as required by F.R.C.P. 56(e)(1). However, under 28 U.S.C. § 1746:

available in hard copy or on the internet, before or during the course of *Lemon Busters 1*. In response to these exhibits, Plaintiff states that "[t]he website admitted in the 2008 Lawsuit was an older version of the website that was online at the time of the trial of the 2008 Lawsuit, and was admitted for impeachment purposes only, with the exception of the issue of the name 'lemonbusters.'" Pl.'s Resp. to Def's. Summ. J. at 3 n.2. But Plaintiff's argument that the 2008 website printouts were used solely for impeachment purposes is of no moment. The 2008 website printouts found in Plaintiff's Trial Exhibits 1, 2, 3, 4, and 31 could have been used to support additional claims in *Lemon Busters 1*—claims that have been brought in the current lawsuit.

Plaintiff used Trial Exhibits 1, 2, 3, 4, and 31 as impeachment evidence in *Lemon Busters 1*. *See* Def.'s Mot. for Summ. J. at 2, Aff. at ¶¶ 6–7. All of Defendants' internet postings that Plaintiff alleges violate 15 U.S.C. § 1125(a) of the Lanham Act, and Defendants' copying of advertisements that Plaintiff alleges constitutes copyright infringement or conversion (the only claims in *Lemon Busters 2*), are found in Plaintiff's Trial Exhibits 1, 2, 3, 4, and 31 from *Lemon Busters 1*. *Compare* Def.'s Mot. for Summ. J. at Ex. A (showing copies of Defendant's website and advertisements that were used as trial exhibits in *Lemon Busters 1*), *with* Pl.'s Orig. Pet.

---

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form[.]

Mr. Dickinson's Declaration comports with the requirements of 28 U.S.C. § 1746.

(listing numerous webpostings and advertisements that give rise to the current lawsuit, *Lemon Busters 2*—webpostings and advertisements that are essentially identical to the contents found on Defendants' website prior to or during *Lemon Busters 1*). And there is no reason those exhibits could not have been used as evidence for additional claims in *Lemon Busters 1*.

When *Lemon Busters 1* was first filed in state court, it involved four claims arising from a dispute regarding Defendants' alleged improper internet use and copying of Plaintiff's advertisements.[2] *See* Pl.'s Orig. Pet. and Req. for Inj. Relief at ¶¶ 5–20 (No. 08-cv-136 at Clerk's Dkt. # 1) (alleging that Defendant's improper internet use and copying of Plaintiff's slogans/logos constituted Trademark Infringement, Trademark Dilution, and Injury to Business Reputation). *Lemon Busters 1* was eventually removed to federal court, and Plaintiff's lawsuit

---

[2] The most relevant excerpts from Plaintiff's Original Petition and Request for Injunctive Relief include:

(1) "Specifically, Plaintiff's advertising includes consistent use of said logo and slogan on its past and present internet website(s)[,]" Pl.'s Orig. Pet. and Req. for Inj. Relief at ¶ 7 (No. 08-cv-136 at Clerk's Dkt. # 1);

(2) "Further, Defendant advertises that its services are based upon a '600 point inspection' that is deceptively similar to Plaintiff's '600 point Lemon Busters inspection' slogan. Defendant's use of the logo and/or slogan are likely to lead to dilution of Plaintiff's protected trademark rights and confusion on the part of consumers, who may erroneously identify Defendant's services with those of Plaintiff. Defendant uses this logo and slogan throughout its advertising, including on the internet. The logo is prominently displayed on top right corner of all web-pages appearing on Defendant's website. Moreover, Defendant's website dedicates an entire web-page to advertising its '600 point inspection.' Defendant began using this logo and slogan after Plaintiff obtained the exclusive rights and after Plaintiff began using the logo and slogan in its business[,]" *Id.* at ¶ 9;

(3) "Defendant's website specifically markets Defendant's services to the Central Texas region, including Travis County. Plaintiff has granted Defendant no license to use Plaintiff's '600 point Lemon Buster inspection' slogan or Plaintiff's registered Lemon Busters' Logo. . . . [,]" *Id.* at ¶ 10.

8

expanded to eight separate claims.³ *See* Pl.'s Second Am. Compl. ¶¶ 109–210 (No. 08-cv-136 at Clerk's Dkt. # 63). Yet from the beginning of *Lemon Busters 1* to the end, Defendants' alleged improper internet use and copying of Plaintiff's advertisements were at the heart of Plaintiff's lawsuit. *See id.* at ¶¶ 95–210, Prayer.

Comparing the pleadings in *Lemon Busters 1* to the pleadings in *Lemon Busters 2*, it can be said that Defendants' allegedly improper internet use and copying of Plaintiff's advertisements in *Lemon Busters 2* are part of the same series of transactions or conduct that were grounds for Plaintiff's first lawsuit—*Lemon Busters 1*. *See Oreck*, 560 F.3d at 401–02. Given the availability of Plaintiff's Trial Exhibits 1, 2, 3, 4, and 31 during *Lemon Busters 1*, Defendants' alleged improper internet use and copyright infringement in *Lemon Busters 2* are "related in time, space, origin . . .[, and] form a convenient trial unit" with the claims asserted in *Lemon Busters 1*. *See Dallas Area Rapid Transit*, 383 F.3d at 313 (quoting Restatement (Second) of Judgments § 24(2)). Additionally, since Plaintiff's Trial Exhibits 1, 2, 3, 4, and 31 were available during *Lemon Busters 1*, there is no reason the claims in *Lemon Busters 2* could not have been brought in *Lemon Busters 1*. Thus, the fourth element of *res judicata*, "the same claim or cause of action must be involved in both cases," is satisfied. *In re Ark-La-Tex Timber Co.*, 482 F.3d at 331 (citing *Singh*, 428 F.3d at 559).

---

³(1) Injury to Business Reputation, Trade Name or Mark; (2) Federal False Advertising and Unfair Competition; (3) Business Disparagement; (4) Federal False Designation of Origin and Unfair Competition; (5) Federal Trademark and Trade Name Dilution; (6) Infringement of Common Law Trademarks and Trade Names; (7) Infringement of Federally Registered Trademark; and (8) Defamation. *See* Pl.'s Second Am. Compl. ¶¶ 109–210 (No. 08-cv-136 at Clerk's Dkt. # 63).

## IV. Conclusion

Based on the facts of this case, all of Plaintiff's claims set forth in Plaintiff's Original Petition satisfy the fourth element of *res judicata*, the only element the parties dispute. In addition to the fourth element, the other three elements are satisfied: (1) the parties to the two actions are identical; (2) this court had proper jurisdiction when it rendered prior judgment in *Lemon Busters 1*; and (3) this court handed down a final judgment on the merits in *Lemon Busters 1*. Given that all the elements of *res judicata* are satisfied for all the claims set forth by Plaintiff in *Lemon Busters 2*, and that based on the parties' pleadings, there is no genuine issue as to any material fact, all claims set forth in Plaintiff's Original Petition are barred.

**IT IS THEREFORE ORDERED** the Defendants' (Michael Dickinson and Auto Lemon Detectors of America, LLC) Motion for Summary Judgement on Plaintiff's Claims for False Advertising, and Copyright Infringement and Conversion (Clerk's Dkt. No. 5) is hereby **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** Defendants' Motion for Summary Judgment is **GRANTED** with regard to its request to bar all causes of action found in Plaintiff's Original Petition.

**IT IS FURTHER ORDERED** Defendants' Motion for Summary Judgment is **DENIED** with regard to its request for attorney's fees and costs.

**IT IS FINALLY ORDERED** that Plaintiff and Defendants are hereby admonished that any party that files a claim, either in this lawsuit or in another lawsuit, that was involved in *Lemon Busters 1* or *Lemon Busters 2* and is barred by *res judicata* shall be sanctioned pursuant to Rule

11 of the Federal Rules of Civil Procedure[4] and/or if appropriate, held in civil contempt of court.[5]

Signed and entered this 16th day of March 2010

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE

---

[4] *Murungi v. Daimler Chrysler Servs. N. Am.*, 2003 WL 21145675, at *1 (5th Cir. April 28, 2003)(affirming the imposition of sanctions pursuant to Federal Rule of Civil Procedure 11(c)); *Meador v. First Security Nat'l Bank*, 2000 WL 1701642, at *1 (5th Cir. Oct. 23, 2000)(warning the appellant that "[t]o avoid sanctions, [appellant] is further cautioned to review his ... pending appeals to ensure that they are not frivolous or barred by the doctrines of *res judicata* or collateral estoppel."); *Adumekwe v. Merchant's Home Delivery Serv., Inc.*, 1998 WL 526788, at *1 (5th Cir. July 29, 1990)(finding no abuse of discretion in district court's decision to sanction the appellant under Rule 11 for violating the district court's order prohibiting appellant from filing additional papers related to his previously settled claims); *Robinson v. Nat'l Cash Register Co.*, 808 F.2d 1119, 1131 (5th Cir.1987)(upholding the district court's assessment of Rule 11 sanctions and noting that the claims asserted were clearly barred by *res judicata*); *Bryant v. Plains Nat'l Bank of Lubbock, Tex.*, 2005 WL 1704946, at *3 (N.D.Tex. July 19, 2005)("Filing a lawsuit which is both baseless because it is clearly barred by *res judicata* and made without a reasonable and competent inquiry into the law is frivolous for purposes of Rule 11 sanctions."); *Bolan v. Tidewater Marine, Inc.*, 1998 WL 485691, at *4 ( E.D. La. Aug. 14, 1998)(citing *S. Leasing Partners, Ltd. v. McMullan*, 801 F.2d 783, 788 (5th Cir.1986))("The Fifth Circuit has upheld sanctions under Rule 11 based on the filing of an action was obviously *res judicata* barred.").

[5] "Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Singh*, 428 F.3d at 581. Civil contempt occurs when: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 291 (5th Cir. 2002). Thus, it can be said that a party is in civil contempt if that party fails in "meaningful respects" to achieve substantial and diligent compliance with a clear and unambiguous decree. *Lelsz v. Kavanough*, 673 F.Supp. 828, 839 (N.D. Tex. 1987). Willfulness is not an issue, however, and not relevant in civil contempt actions. *Northside Realty Ass'n v. U.S.*, 605 F.2d 1348, 1352 (5th Cir. 1979).